**SO ORDERED.**

**SIGNED this 28th day of October, 2014.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

___

**Designated for print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

In re:

FLEX FINANCIAL HOLDING
COMPANY,

                DEBTOR.

CASE NO. 13-21483
CHAPTER 11

**MEMORANDUM OPINION AND ORDER DENYING
DEBTOR'S OBJECTION TO THE CLAIM OF EAGLE WOODS, LLC (CLAIM NO. 15)
BASED UPON EAGLE WOODS, LLC'S FAILURE TO REGISTER TO
DO BUSINESS IN KANSAS**

On February 13, 2014, Eagle Woods, LLC, a Missouri limited liability company (Eagle Woods), filed a timely proof of claim for Debtor's alleged breach of a lease of real property located in Olathe, Kansas.[1]  Debtor Flex Financial Holding Company (Flex) objected.[2]  Among other things, Flex raised the question of law whether the claim must be

---

[1] Proof of claim no. 15.

[2] Doc. 112.

disallowed because Eagle Woods was not registered to do business in Kansas at the time it filed the proof of claim and did not so register until after the expiration of the claims bar date. Eagle Woods responded to the objection. The Court requested and received additional briefs. Oral arguments were heard. For the reasons stated below, the Court finds that the proof of claim will not be disallowed because of Eagle Woods' delay in registering to do business in Kansas.

**BACKGROUND FACTS.**

The relevant facts are undisputed. Eagle Woods is a limited liability company organized under the laws of Missouri. In 2006, Eagle Woods, as landlord, entered into a ten-year lease with Flex, as tenant, of premises located in Olathe, Kansas. In 2012, Eagle Woods sued Flex in Johnson County, Kansas District Court for delinquent rent.[3]

Flex filed a voluntary petition under Chapter 11 on June 10, 2013. A claims bar date of February 28, 2014, was ordered.[4] On February 13, 2014, Eagle Woods filed its proof of claim, asserting a nonpriority unsecured claim in the amount of $1,340,614.91, arising from Debtor's alleged prepetition breach of the lease. On June 10, 2014, Debtor filed its response, objecting to the claim on legal and factual bases. The legal basis was that (1) Eagle Woods owns income-producing property in Kansas, (2) Eagle Woods was doing business in Kansas, (3) Eagle Woods had not registered to do business in Kansas, (4) Kansas law bars actions by unregistered foreign companies doing business in Kansas,

---

[3] Doc. 28 at 3 (Statement of Financial Affairs).

[4] Doc. 81.

(5) Eagle Woods was not authorized to do business in Kansas at any time before the expiration of the claims bar date, and (6) under 11 U.S.C. § 502(b)(1) and § 558, Debtor shall have the benefit of any defenses available to Debtor under these facts.[5]

On July 1, 2014, Eagle Woods registered with the Kansas Secretary of State as a foreign limited liability company authorized to do business in the state.[6] Eagle Woods thereafter responded to the objection, arguing in part that it has met all the requirements of Kansas law that are necessary to obtain authority to do business in Kansas, retroactive to January 2006, preceding the date of the lease, and also has authority to prosecute its bankruptcy claim and, if the automatic stay were lifted, to pursue the state court litigation.

**DISCUSSION.**

Eagle Woods is a limited liability company organized under the laws of the State of Missouri and is therefore considered a foreign limited liability company under Kansas law. The parties agree that by owning and renting Kansas real estate, Eagle Woods was doing business in Kansas. As a foreign limited liability company, Eagle Woods was subject to K.S.A. 17-76,126, a "closed-door" statute, and could not "maintain any action, suit or proceeding in the state of Kansas until it . . . registered in this state and . . . paid to the state all fees and penalties for the years, or parts thereof, during which it did business in the state without having registered."[7] Eagle Woods was not registered to do business

---

[5] Doc. 112 at 1.

[6] Doc. 129-1, exh. A.

[7] K.S.A. 17-76,126(a).

3

in Kansas until July 1, 2014.

The question in this case is what is the impact of Eagle Woods' failure to register in Kansas until July 1, 2014, after it filed its proof of claim and after expiration of the claims bar date. The Court will first examine the impact of the delay in registration under Kansas law. It will then consider whether that delay (1) provides a defense under 11 U.S.C. § 502(b)(1) or § 558[8] to the merits of the claim when asserted in bankruptcy court, or (2) precludes this Court from considering the proof of claim under bankruptcy law.

The relationship under Kansas law between the statue of limitations and the dismissal of a counterclaim asserted by a foreign corporation that had done business in the state without registering with the state for a lack of capacity arising from the failure to register was noted in *Corco*.[9] Ledar Transport, Inc., appealed from the dismissal with prejudice of its counterclaim against Corco, Inc., on the basis that Ledar was a foreign corporation doing business in Kansas without registering with the Secretary of State. The Kansas Court of Appeals held noncompliance with the registration requirement meant that Ledar could not at the time maintain the counterclaim, but also noted that "[s]tates with similar statutes generally hold that compliance after an action is begun is sufficient to enable a corporation to maintain an action."[10] The appellate court therefore reversed

---

[8] Future references in the text to Title 11 shall be to the section number only.

[9] *Corco, Inc., v. Ledar Transport, Inc.*, 24 Kan. App. 2d 377, 946 P.2d 1009 (1997) (involving K.S.A. 17-7307(a), which requires foreign corporations to register to do business in the state, much as K.S.A. 17-76,126(a) does for limited liability companies).

[10] *Id.*, 24 Kan App. 2d at 378, 946 P.2d at 1010.

4

the dismissal with prejudice and remanded with directions to dismiss the counterclaim without prejudice, but noted that Ledar bore the risk that the statue of limitations might run before it was properly registered. The court stated:

> Under the facts of this case, the proper remedy was to dismiss Ledar's counterclaim without prejudice rather than with prejudice. This would give Ledar the opportunity to comply with the statutes and then reassert its claim against Corco. On the other hand, it would also leave the risk that the statue of limitations might run against Ledar.[11]

*Corco* was cited in *Haile Group, LLC*,[12] an unpublished opinion of the Kansas Court of Appeals, and the only Kansas appellate court decision construing the limited liability company "closed-door" statute. Haile, organized under the laws of Florida, sued the City of Lenexa, claiming it was entitled to compensation for work performed on a city project. After trial to the court, judgment was entered in favor of the City. Haile appealed claiming, among other things, that the trial court erred in concluding that Haile lacked capacity or standing to maintain the action because it was not registered as a foreign limited liability company as required by K.S.A. 17-76,126. Citing *Corco*, the court noted that "[n]oncompliance with the registration statutes at the outset of an action is not fatal to a plaintiff's claim."[13] Further, the court observed that "Haile's failure to register as a foreign limited liability company only implicates its capacity to sue, not its

---

[11] *Id.*, 24 Kan. App. 2d at 379, 946 P.2d at 1010.

[12] *Haile Group, LLC .v City of Lenexa*, 242 P.3d 1281, 2010 WL 4977221 (Kan. App. 2010).

[13] *Id.* at *3.

5

standing to sue."[14] The court of appeals held that the district court therefore should have dismissed "Haile's action *without prejudice* to give Haile reasonable time to comply with the registration statutes and refile the action."[15]

In this case, Eagle Woods sued Flex in Johnson County District Court before it registered in Kansas as a foreign limited liability company. It therefore lacked capacity to bring the suit; in other words, it had no personal right to litigate[16] in Johnson County District Court. But assuming that the state court litigation against Debtor was not stayed by the bankruptcy filing, when Eagle Woods registered on July 1, 2014, that defect would have been cured, since counsel for both parties acknowledged at oral argument that the Kansas five-year statute of limitations applicable to the enforcement of written contracts had not run by July 1, 2014. Hence, the delay in registration would not have provided a defense to Flex if Eagle Woods' claim were being litigated in state court. To the extent that Eagle Woods' claim against Debtor in bankruptcy court is determined under state law, the delay in registration does not provide a defense under § 502(b)(1) or § 558.

Turning to bankruptcy law, Eagle Woods is a creditor of Debtor[17] and therefore is entitled to file a proof of claim under § 501. The question is whether Eagle Woods' lack

---

[14] *Id*. at *5.

[15] *Id*. at *7 (emphasis supplied).

[16] *See Toklan Royalty Corp. v. Panhandle Eastern Pipe Line Co.*, 168 Kan. 259, 268, 212 P.2d 348 (1949); 6A Charles Alan Wright, Arthur R. Miller & Mary Jane Kane, *Federal Practice and Procedure*, § 1542 at 469 (2010).

[17] *See* Doc. 27 at 10 (Debtor's Schedule F, listing Eagle Woods as an unsecured nonpriority creditor).

of capacity under Kansas law, resulting from its failure to register as a foreign limited liability company as of the time it filed its proof of claim and continuing until after the claims bar date in bankruptcy court, requires a finding that Eagle Woods lacked the capacity to file its proof of claim.

For the following reasons, the Court finds that federal rules of procedure govern the capacity of entities in bankruptcy court litigation, and under those rules, Eagle Woods has the capacity to engage in claims litigation. Federal Rule of Bankruptcy Procedure 7017[18] provides that Federal Rule of Civil Procedure 17,[19] which addresses real party in interest, capacity, and related matters, applies in adversary proceedings. Subsection (b) of Civil Rule 17 provides:

> **(b) Capacity to Sue or Be Sued.** Capacity to sue or be sued is determined as follows:
> **(1)** for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
> **(2)** for a corporation, by the law under which it was organized; and
> **(3)** for all other parties, by the law of the state where the court is located, except that:
>> **(A)** a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the Unites States Constitution or laws; and
>> **(B)** 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United

---

[18] Fed. R. Bankr. P. 7017. Future references in the text shall be to Bankruptcy Rule.

[19] Fed. R. Civ. P. 17. Future references in the text shall be to Civil Rule.

7

> States court to sue or be sued in a United States court.

Debtor's objection to Eagle Woods' proof of claim gave rise to a contested matter under Bankruptcy Rule 9014.[20] Subsection (c) of Bankruptcy Rule 9014 provides that Bankruptcy Rule 7017 also applies in contested matters.

The capacity of a limited partnership organized under Ontario law to bring a dischargeability complaint in a bankruptcy court in Florida was at issue in *Cochrane*.[21] Prepetition, Tudor Oaks Limited Partnership obtained a judgment against debtor Cochrane in Minnesota. Tudor Oaks filed a dischargeability complaint in Cochrane's Chapter 7 case, and the debtor responded with a motion to dismiss, premised in part on a lack of capacity because Tudor Oaks was not registered to do business in Florida. The court rejected this argument, stating:

> While it is without dispute that F.R.B.P. 7017(b), as adopted by F.R. Civ. P. 17(b) provides that the capacity of a corporation to sue or to be sued shall be determined by the law under which it was organized[, a]n important exception to this Rule is [a prior version of what is now F.R. Civ. P. 17(b)(3)(A)].
> The suit pending before this Court is an enforcement of a right granted by Congress to a creditor to obtain a determination of the dischargeability of a particular debt. The jurisdiction to make such a determination is exclusively within the competence of the Bankruptcy Court where the case filed by Debtor is pending.
> For these reasons it is quite evident that while Tudor

---

[20] 3 William L. Norton, Jr., and William L. Norton III, *Norton Bankruptcy Law & Practice 3d*, § 48:27 at 48-78 (Thomson Reuters 2014).

[21] *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane)*, 273 B.R. 272 (Bankr. M.D. Fla. 2001).

8

> Oaks Limited Partnership may not have the capacity to pursue a legal action in courts of this State [Florida], it certainly has an absolute right to do so in the Federal Bankruptcy Court.[22]

In *Fantastik*,[23] a bankruptcy court sitting in Nevada held "that federal law applies in determining capacity to bring and maintain an adversary proceeding to determine the allowance or disallowance of a claim in the bankruptcy court."[24] It therefore rejected the defendants' contention that litigation against the debtor seeking actual and punitive damages should be dismissed because the plaintiff, an Oklahoma corporation, had been doing business in Nevada without qualifying to do so under Nevada law, and therefore could not commence, maintain, or defend any action in the Nevada state courts. It noted that a plaintiff in bankruptcy claims litigation has no choice of forums. "It would be patently inequitable to deny a creditor access to the bankruptcy court to adjudicate a claim simply because that creditor could not bring that action in the courts of the state in which the bankruptcy court sits."[25] The authorities relied upon by the *Fantastik* court included Civil Rule 17 and Bankruptcy Rule 7017, as applicable to corporations in claims litigation.

Bankruptcy Rules 9014(c) and 7017, which adopt Civil Rule 17, require the Court to hold that Eagle Woods has the capacity to engage in litigation of its claim against Flex,

---

[22] *Id.* at 276-277.

[23] *Dollar Saver Stores, Inc., v. Brown (In re Fantastik, Inc.)*, 49 B.R. 510 (Bankr. D. Nev. 1985).

[24] *Id.* at 511.

[25] *Id.* at 512.

9

even though it was not registered to do business as a foreign limited liability company until after the claims bar date. Civil Rule 17 does not expressly address the capacity of a limited liability company. Such a company is not an individual, so subsection (b)(1), selecting the law of the individual's domicile, does not apply. Subsection 17(b)(2) applies to a corporation, selecting the law under which the corporation was organized. Although a limited liability company has some characteristics of a corporation, corporations and limited liability companies are distinct entities under Kansas and other states' laws. Subsection 17(b)(2) therefore does not apply to Eagle Woods.[26] Civil Rule 17(b)(3) states the general rule that the capacity of parties that are not individuals or corporations is determined "by the law of the state where the court is located." Numerous federal courts other than bankruptcy courts have held that Federal Rule 17(b)(3) guides the capacity inquiry for limited liability companies.[27] Under this general rule, the law of Kansas would apply to the capacity of Eagle Woods and bar further proceedings to prove its claim, since Eagle Woods did not obtain capacity under Kansas law until July 1, 2014, after the bar date, which was not tolled by the delay in registration.

But for parties whose capacity is determined by Civil Rule 17(b)(3), including limited liability companies, there are two exceptions to the application of the law of the

---

[26] The Court observes that if Eagle Woods were considered a corporation under Rule 17, it would have capacity, since there is no evidence that it lacks capacity under Missouri law.

[27] *In re Dairy Farmers of Am., Inc., Cheese Antitrust Litig.*, 767 F. Supp. 2d 880, 892 (N.D. Ill. 2011); *Merry Gentleman, LLC, v. George and Leona Prods., Inc.*, 2014 WL 3810998 at *2, (N.D. Ill. 2014) (collecting cases).

state where the federal court is located.  The first applies in this case.  It provides that an entity to which Civil Rule 17(b)(3) applies and which has no capacity under the law of the state where the court is located may nevertheless sue or be sued in its common name to enforce a substantive right under the laws of the United States.  As discussed above, this provision has been held applicable to a dischargeability proceeding filed by a foreign limited partnership.[28]  It also "has enabled a partnership or other unincorporated association to sue and be sued in a federal court under the Fair Labor Standards Act, National Labor Relations Act, Labor Management Relations Act, the antitrust laws, patent laws, Emergency Price Control Act, War Labor Disputes Act, Capehart Act, Securities Exchange Act, Railway Labor Act, Federal Arbitration Act, as well as other federal statutes."[29]  The Bankruptcy Code is a part of the laws of the United States.  It gives a holder of a claim against a debtor the substantive right to file a proof of claim and gives the debtor the right to object to the claim.  A claim holder has no ability to choose the court in which the claim will be asserted — it must be filed in the court in which the debtor's bankruptcy case is pending.  Allowing a limited liability company claim holder that is not authorized to do business under the law of the state where that bankruptcy court is located to assert its claim there promotes the jurisdiction of the bankruptcy court to adjudicate all claims against the debtor's bankruptcy estate.

**CONCLUSION.**

---

[28] *In re Cochrane*, 273 B.R. at 276-277.

[29] 6A *Federal Practice and Procedure*, § 1564 at 630-32.

For the foregoing reasons the Court holds the failure of Eagle Woods, a Missouri limited liability company, to register to do business in Kansas until after the expiration of the date for filing proofs of claim does not provide (1) a defense to the claim under state law, or (2) a basis to disallow the claim under bankruptcy law for lack of capacity. The Debtor's objection to Eagle Woods' claim on the ground the company did not register to do business in Kansas until July 1, 2014, which was after the date Eagle Woods filed its proof of claim and after the claims bar date, is denied.

**IT IS SO ORDERED.**

# # #

12

Case 13-21483    Doc# 199    Filed 10/28/14    Page 12 of 12